David LOEB, Appellee,

v.

**EMPLOYMENT APPEAL BOARD, and Bertch Cabinet Manufacturing, Inc., Appellants.**

No. 94–384.

Supreme Court of Iowa.

April 26, 1995.

Hugh M. Field of Beecher, Rathert, Roberts, Field, Walker & Morris, P.C., Waterloo, for appellant employer.

William C. Whitten, Employment Appeal Bd. for appellant Bd.

Van T. Tran, Legal Services Corp., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and TERNUS, JJ.

HARRIS, Justice.

The claimant in this unemployment compensation case lost at the critical administrative stage, but received reversal from the district court, sitting on judicial review. We reverse and remand for affirmance of the administrative decision.

Although some facts were disputed, the parties agree that the claimant, David Loeb, had worked since 1988 as a "long-haul" truck driver for Bertch Cabinet, Inc. (Bertch). He quit that job on November 6, 1992, to work for another employer. He was fired from his new job three days later.

Loeb's application for unemployment benefits was denied by the administrative law judge and, on appeal, by the employment appeal board. The matter is before us on the board's and Bertch's appeal from the district court's reversal of the denial.

I. Our scope of review from administrative decisions is limited to correction of errors at law. *Dunlavey v. Economy Fire & Casualty Co.*, 526 N.W.2d 845, 849 (Iowa 1995). An administrative agency's findings have the effect of a jury verdict. *Id.* So we reverse the factual findings only if they are unsupported by substantial evidence in the record made before the agency when the record is viewed as a whole. Iowa Code § 17A.19(8)(f) (1995). Evidence is substantial if a reasonable mind would find it adequate to reach the same conclusion. *Dunlavey*, 526 N.W.2d at 849. The agency's decision does not lack substantial evidence because inconsistent conclusions may be drawn from the same evidence. *Id.*

II. According to the statutory scheme, an employee who voluntarily quits a job without "good cause" is generally disqualified from unemployment benefits. Iowa Code § 96.5 (1993). The statute provides exceptions and Loeb thinks that one of them applies to him.

According to section 96.5(1)(a) there is no disqualification when the employee quits to take other employment, accepts it, and continues the new employment for six weeks. Loeb, who obviously did not remain in the new job for six weeks, does not contend he falls into this general exception.

Loeb does contend he falls under a special variation, specified in the last sentence of section 96.5(1)(a). Even during the first six weeks of new employment, coverage protection is accorded under two circumstances when the quit was in good faith for the purpose of taking "better" employment.[1]

---

1. The last sentence of Iowa Code § 96.5(1)(a) provides:

In those cases where the individual left employment in good faith for the sole purpose of accepting better employment, which the individual did accept and such employment is terminated by the employer, or the individual is laid off after one week but prior to the expira-

The two circumstances are: (1) the employee is terminated by the employer, or (2) the employee is laid off by the employer after one week.

■ Bertch first seeks to avoid the issue of whether Loeb's new job was a better one, pointing out that Loeb did not remain on it for a full week. This argument confuses the terms "laid off" and "terminated," to which the legislature appears to assign different meanings in the last sentence of section 96.5(1)(a). They appear in separate, independent phrases, and the one-week minimum applies only to workers who are "laid off" the second job, not to those who are terminated. Under the circumstances we think the legislature intended "laid off" to mean those whose employment was temporarily suspended, and the term "terminated" to refer to employees, such as Loeb, whose employment was severed. *General Motors Corp. v. Erves,* 249 N.W.2d 41, 46 (Mich.1976) ("lay off" is a temporary dismissal distinguished from discharge); *White v. Crane Co.,* 147 So.2d 32, 36 (La.App.1962) (same). The one-week threshold requirement, contrary to Bertch's contention, applies only to the second—laid-off—circumstance.

III. The dispute turns to whether Loeb's new job qualified as a better one. The district court concluded that the administrative law judge (whose decision was adopted by the employment appeal board) failed to resolve the dispute concerning whether Loeb's new job was a "better" one. It is easy to understand why the question was overlooked in that decision; it had been largely overlooked by the parties and came close to being waived. But we cannot say it was waived. The administrative law judge, at the beginning of his hearing, did quote the last sentence of section 96.5(1)(a) with its reference to quitting for a better job. And Loeb once mentioned in passing that he thought he was quitting for a better job. It is clear though, that the entire thrust of Loeb's contentions

was his complaint that intolerable working conditions at Bertch justified his quit.

The district court found legal error in the administrative law judge's failure to address the claim that the quit was for a better job. In reversing the administrative decision, the court concluded that the administrative law judge improperly reacted to the fact that the second job paid less salary than the first. In urging affirmance of the district court, Loeb vigorously complains that the administrative decision stands for the improper view that a lesser-paying job could never be a better one.

■ The argument misreads the administrative decision. We think the decision, read in its entirety, reflects the correct view that comparative pay is an extremely important, but by no means the only, factor in determining which job is better. *See Iowa Employment Sec. Act,* 11 Drake L.Rev. 125, 133 (1962).

■ After holding the administrative decision was based on error, the district court should ordinarily remand the case to the agency for redetermination in accordance with the proper rule of law. *Taylor v. Iowa Dep't of Job Serv.,* 362 N.W.2d 534, 537 (Iowa 1985). The district court here, however, held that the right to benefits was established as a matter of law. The holding was based on a finding that the earnings in the former position were derived at least in part on illegal activity (falsifying travel records), a practice presumably not involved in the new job.

■ We think the administrative decision must be *affirmed* as a matter of law. There was ample evidence to support the administrative finding that any falsifying of travel records was Loeb's own doing, not Bertch's, and was for the selfish purpose of raising Loeb's own income.

So we are left with a second job that paid less, with an administrative fact-finding that rejected Loeb's factual assertions relating to why his Bertch job was inferior,[2] and no

---

tion of six weeks, the individual, provided the individual is otherwise eligible under this chapter, shall be eligible for benefits and such benefits shall not be charged to any employer's account.

2. Loeb testified to the contrary concerning other matters, but we are bound by the administrative findings. There was evidence there were no safety problems on the first job, that travel departure times were adjustable to suit the drivers,

showing of how the new job would be superior to the old in the matters of which Loeb complained. Loeb did contend his new job would allow him to spend more time with his family. Much as we sympathize with such a consideration, we do not believe this hope is sufficient to qualify the new employment as "better" under the statute as a matter of law.

Under the scope of review we have described, the district court erred in reversing the findings of the administrative law judge. The case must be reversed and remanded for entry of a judgment in accordance with this opinion.

**REVERSED AND REMANDED.**

there was no pressure on drivers regarding deliv-

eries, and no threat to Loeb's job security.